James D. Crosby (State Bar No. 110383)
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, California  92064
Telephone: (858) 486-0085
Facsimile:  (858) 486-2838
E-mail: crosby@crosbyattorney.com

Attorney for Plaintiffs PHILIP NEUMAN
and HILO AT CAMPBELL HALL ASSOCIATES, LLC,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| PHILIP NEUMAN, an individual; MESA TOP, LLC, a Nevada limited liability company; and PT NATIONAL ENTERPRISES, LLC, a Nevada limited liability company, and HILO AT CAMPBELL HAL ASSOCIATES, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>B2 BRANDS, INC., a Delaware corporation, JP BEVERAGES, LLC, a California limited liability company, JAIME BANFIELD, an individual, RICHARD MUNKVOLD, an individual, CHRISTINA PREVITI, an individual, JAMES PREVITI, an individual, FRONTIER HOMES, LLC, a California limited liability company, and STEPHEN TROY VALDEZ, an individual,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: EDCV07- 01025 CJC (JCRx)<br><br>DECLARATION OF JAMES D. CROSBY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT. |

I, James D. Crosby, do hereby declare and state:

1. I am an attorney licensed to practice law before all courts of the state of

---

DECLARATION OF JAMES D. CROSBY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1

1  California. I am counsel for the plaintiffs in this matter. I am also counsel for all defendants in Valdez v. Neuman et., al.; United States District Court Case No. SACV06-448 CJC (MLGx)) in the United States District Court for the Central District of California, Southern Division (hereinafter the "Valdez Action")  I have personal knowledge of the facts stated in this declaration. If called to testify, I could and would testify competently to the facts stated in this declaration.

2.  On May 4, 2007, I attended and took the deposition of Steven Troy Valdez in Valdez v. Neuman et., al.; United States District Court Case No. SACV06-448 CJC-MLG (hereinafter the "Valdez Action"). True and correct copies of selected pages of the transcript of the deposition of Mr. Valdez taken on May 4, 2007 are attached collectively as Exhibit 1 to the Notice of Lodgment filed herewith.

3.  On December 27, 2007, Steven Troy Valdez gave testimony at the trial in the Valdez Action. I represented defendants at that trial. I cross-examined Valdez at that trial. True and correct copies of selected pages of the trial transcript providing Valdez's trial testimony are attached collectively as Exhibit 2 to the Notice of Lodgment filed herewith.

4.  On December 28, 2007, Steven Troy Valdez gave additional testimony at the trial in the Valdez Action. I represented defendants at that trial. I cross-examined Valdez at that trial. True and correct copies of selected pages of the trial transcript providing Valdez's trial testimony are attached collectively as Exhibit 3 to the Notice of Lodgment filed herewith.

5.  On December 18, 2009, I attended and took the deposition of Steven Troy Valdez in the present action. True and correct copies of selected pages of the transcript of deposition of  Mr. Valdez taken December 18, 2009 are attached collectively as Exhibit 4 to the Notice of Lodgment filed herewith.

6.  On December 21, 2009, I attended and took the deposition of Steven Troy Valdez in the present action. True and correct copies of selected pages of the transcript

1  of deposition of Mr. Valdez taken on May 4, 2007 are attached collectively as Exhibit 5 to the Notice of Lodgment filed herewith.

7. On May 16, 2007, I attended and took the deposition of John Previti in the Valdez Action. True and correct copies of selected pages of the transcript of the deposition of Mr. Previti are attached collectively as Exhibit 6 to the Notice of Lodgment filed herewith.

7. On September 17, 2009, I attended and took the deposition of defendant JP Beverages through it "person most knowledgeable", Christine Previti. Ms. Previti was designated as the "person most knowledgeable" to testify on matters listed in the notice fo deposition. A true and correct copy of that notice of deposition is attached as Exhibit 7 to the Notice of Lodgment filed herewith. True and correct copies of selected pages of the transcript of the deposition of defendant JP Beverages taken on September 17, 2009 are attached collectively as Exhibit 8 to the Notice of Lodgment filed herewith.

8. On November 19, 2009, I attended and took the deposition of Jamie Banfield in the present action. True and correct copies of selected pages of the transcript of the deposition of Ms. Banfield taken on November 19, 2009 are attached collectively as Exhibit 9 to the Notice of Lodgment filed herewith.

9. Exhibit 144 to the November 19, 2009 deposition of Jamie Banfield was an October 5, 2006 email form Jamie Banfield to Richard Munkvold. Ms. Banfield authenticated that email at pages 180-182 of the deposition. A true and correct copy of the October 5, 2006 email from Jamie Banfield to Richard Munkvold, Exhibit 144 to the deposition of Jamie Banfield taken on November 19, 2009, is attached as Exhibit 10 to the Notice of Lodgment filed herewith.

10. On December 8, 2009, I attended and took the deposition of defendant B2 Brands, Inc., through it's "person most knowledgeable", Jamie Banfield. Ms. Banfield was designated as the "person most knowledgeable" to testify on items 14-22 listed in the notice for the deposition. A true and correct copy of the notice for that deposition is

<pre>
</pre>

attached as Exhibit 11 to the Notice of Lodgment filed herewith. True and correct copies of selected pages of the transcript of the deposition of defendant B2 Brands taken on December 8, 2009 are attached collectively as Exhibit 12 to the Notice of Lodgment filed herewith.

11. On November 6, 2009, I attended and defended the deposition of Philip Neuman in the present action. True and correct copies of selected pages of the transcript of the deposition of Mr. Neuman taken on November 6, 2009 are attached collectively as Exhibit 13 to the Notice of Lodgment filed herewith.

15. On December 27, 2007, Ron Holloway gave testimony at the trial in the Valdez Action. I represented defendants at that trial. I cross-examined Holloway at that trial. True and correct copies of selected pages of the trial transcript providing Mr. Holloway's trial testimony are attached collectively as Exhibit 14 to the Notice of Lodgment filed herewith.

16. Attached to the Notice of Lodgment as Exhibit 15 is true and correct copy of a August 6, 2006 letter I received from Hampton Holley, LLP counsel for Steven Troy Valdez and B2 Brands

17. Attached as Exhibit 16 is a true and correct copy of Exhibit 41 to the October 14, 2009 deposition of Christina Previti in this case, the Minutes of the Board of Directors of B2 Brands on October 22, 1006. The exhibit is authenticated at page 86 of the deposition of Jamie Banfield.

19. On May 8, 2007, Valdez filed a complaint in the Valdez Action. A true and correct copy of the first complaint in the Valdez Action (hereinafter the "Valdez Amended Complaint") is attached as Exhibit 1
7 to the Notice of Lodgment.

18. On March 9, 2007, Valdez filed a first amended complaint in the Valdez Action. A true and correct copy of the first amended complaint in the Valdez Action (hereinafter the "Valdez Amended Complaint") is attached as Exhibit 18 to the Notice

1 | of Lodgment.

2 |     19.    Attached to the Notice of Lodgment as Exhibit 19 is true and correct copy of the Notice of Motion and Motion to Dismiss served on my office in this action on September 10, 1007.

    20.    Attached to the Notice of Lodgment as Exhibit 20 is true and correct copy of the Notice of Decision issued by the Court in the Valdez Action on January 10, 2008

    21.    Attached to the Notice of Lodgment as Exhibit 21 is true and correct copy of a letter I sent to HamptonHolley, LLP on January 16, 2008.

    22.    Attached to the Notice of Lodgment as Exhibit 22 is true and correct copy of a January 22, 2008 letter I received from Hampton Holley LLP.

    23    Attached to the Notice of Lodgment as Exhibit 23 is true and correct copy of the Third Amended Complaint (without exhibits) I caused to be filed in this action.

    24.    Attached to the Notice of Lodgment as Exhibit 24 is true and correct copy of defendants answer to the Third Amended Complaint filed in this action.

    25.    Attached to the Notice of Lodgment as Exhibit 25 is true and correct copy of counterclaim filed by the defendants in this action.

    26.    Attached to the Notice of Lodgment as Exhibit 26 is true and correct copy of Plaintiff Steven Troy Valdez's Initial Disclosures filed in the Valdez Action.

    27.    Attached to the Notice of Lodgment as Exhibit 27 is true and correct copy of Plaintiff Steven Troy Valdez's Memorandum of Contentions of Fact and Law filed in the Valdez Action

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 22nd day of January, 2010 at San Diego, California

                                  s/s James D. Crosby