James D. Crosby (State Bar No. 110383)
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, California 92064
Telephone: (858) 486-0085
Facsimile: (858) 486-2838
E-mail: crosby@crosbyattorney.com

Attorney for Plaintiffs PHILIP NEUMAN
and HILO AT CAMPBELL HALL ASSOCIATES, LLC,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| PHILIP NEUMAN, an individual; MESA TOP, LLC, a Nevada limited liability company; and PT NATIONAL ENTERPRISES, LLC, a Nevada limited liability company, and HILO AT CAMPBELL HAL ASSOCIATES, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>B2 BRANDS, INC., a Delaware corporation, JP BEVERAGES, LLC, a California limited liability company, JAIME BANFIELD, an individual, RICHARD MUNKVOLD, an individual, CHRISTINA PREVITI, an individual, JAMES PREVITI, an individual, FRONTIER HOMES, LLC, a California limited liability company, and STEPHEN TROY VALDEZ, an individual,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: EDCV07- 01025 CJC (JCRx)<br><br>STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT. |

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

1

| | Controverted Facts | | Evidence |
|---|---|---|---|
| 1. | That defendants have proven the that plaintiffs First, Second, Third, Fourth, Fifth, Sixth and Second Seventh causes of action are based on and derived from trade secrets misappropriation and preempted by the CUTSA. | 1. | Ex. 24, para. 85.<br><br>Defendants moving papers and evidence. |
| 2. | That Valdez advised Neuman that the Joint Ownership Agreement was contingent upon approval of the B2 Brands Inc. Board of Directors or consent from James Kerr. | 2. | Neuman Dec., Paras. 4,5,9,10].;<br><br>Defendants Ex A; 91:15-92:2;<br><br>Ex. 1, 80:14-92:25<br><br>Ex. 13, 150:12-151:8 |
| 3. | The the Joint Ownership Agreement involved assets of B2 Brands, Inc | 3. | Ex. 1, 24:6-25:5, 146:3-149:20, 179:12-185:25, 191:24-194:10, 220:24-221:22<br><br>Ex. 2, 190:14-191:13<br><br>Ex. 3, 81:19-83:21<br><br>Ex. 4, 179:23-182:13, 186:6-188:8<br><br>Ex. 5, 325:11-330:13, 340:1-341:9, 343:3-359:1<br><br>Ex. 6, 50:2-15<br><br>Ex. 8, 57:18-58:24, 62:3-63:11, 78:4-9<br><br>Ex. 9, 106:15-109:3, 148:4-19, 173:22-175:21<br><br>Ex 12, 12:13-51:23, 65:5-75:11<br><br>Ex. 13, 71:1-78:17, 82:8-88:24; 96:8-97:7, 150:12-151:8<br><br>Ex. 14, 94:196:21<br><br>Ex. 15<br><br>Ex. 17<br><br>Ex. 18<br><br>Ex. 19, page 5, page 9. |

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

2

|   |   |   |   |
|---|---|---|---|
|   |   |   | Ex. 21 |
|   |   |   | Ex. 22 |
|   |   |   | Ex. 26, various references to "Mr. Valdez's products, branding and marketing materials". |
|   |   |   | Ex. 27, page 2, Neuman's Ownership in beverage line, page, transfer of beverages as fulfillment of obligation. |
|   |   |   | Ex. 28, Section 9. |
|   |   |   | Ex. 29, Joint Ownership Agreement |
|   |   |   | Ex. 30, |
|   |   |   | Ex. 31, |
|   |   |   | Ex. 32 |
|   |   |   | Ex. 33 |
|   | 4. | That Neuman and Valdez did not jointly own all the formulas, recipes, beverages, marketing materials, trademarks and/or other proprietary information and intellectual property to be used in the development, manufacture, and distribution of the malternative beverages under the Joint Ownership Agreement.. | 4. Ex. 1, 24:6-25:5, 146:3-149:20, 179:12-185:25, 191:24-194:10, 220:24-221:22 |
|   |   |   | Ex. 2, 190:14-191:13 |
|   |   |   | Ex. 3, 81:19-83:21 |
|   |   |   | Ex. 4, 179:23-182:13, 186:6-188:8 |
|   |   |   | Ex. 5, 325:11-330:13, 340:1-341:9, 343:3-359:1 |
|   |   |   | Ex. 6, 50:2-15 |
|   |   |   | Ex. 8, 57:18-58:24, 62:3-63:11, 78:4-9 |
|   |   |   | Ex. 9, 106:15-109:3, 148:4-19, 173:22-175:21 |
|   |   |   | Ex 12, 12:13-51:23, 65:5-75:11 |
|   |   |   | Ex. 13, 71:1-78:17, 82:8-88:24; 96:8-97:7, 150:12-151:8 |
|   |   |   | Ex. 14, 94:196:21 |

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

3

| | | | |
|---|---|---|---|
| 1 | | | Ex. 15 |
| 2 | | | Ex. 17 |
| 3 | | | Ex. 18 |
| 4 | | | Ex. 19, page 5, page 9. |
| 5 | | | Ex. 21 |
| 6 | | | Ex. 22 |
| 7 | | | Ex. 26, various references to "Mr. Valdez's products, branding and marketing materials". |
| 8 | | | |
| 9 | | | Ex. 27, page 2, Neuman's Ownership in beverage line, page, transfer of beverages as fulfillment of obligation. |
| 10 | | | |
| 11 | | | |
| 12 | | | Ex. 28, Section 9. |
| 13 | | | Ex. 29, Joint Ownership Agreement |
| 14 | | | Ex. 30, |
| 15 | | | Ex. 31, |
| 16 | | | Ex. 32 |
| 17 | | | Ex. 33 |
| 18 | 5. | That Neuman and Valdez agreed that under the Joint Ownership Agreement, either could use or transfer the beverages and associated intellectual property without the consent of the the other | 6.` Neuman Dec., Para. Ex.8; |
| 19 | | | Ex.5, 379:8-381:5, 318:22-382:4 |
| 20 | | | |
| 21 | | | |
| 22 | 7. | That Valdez developed the beverages and in intellectual for or on behalf of B2 Brands, Inc. | 7. Ex. 2, 140:14-146:15, 154:15-22. |
| 23 | | | Ex. 5, 272:19-319:8 |
| 24 | | | Ex 12, 12:13-51:23 |
| 25 | | | Ex. 14, 94:196:21 |
| 26 | 8. | That Valdez developed the beverages and associated intellectual property after incorporation of B2 Brands. | 8. Ex. 2, 140:14-146:15, 154:15-22. |
| 27 | | | Ex. 5, 272:19-319:8 |
| 28 | | | |

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

4

| | | | |
|---|---|---|---|
| 1 | | | Ex 12, 12:13-51:23 |
| 2 | | | Ex. 14, 94:196:21 |
| 3 | 9. | That Valdez transferred the beverages and intellectual property to B2 Brands in August 2003 | 9. | Ex. 1, 24:6-25:5, 146:3-149:20, 179:12-185:25, 191:24-194:10, 220:24-221:22 |
| 5 | | | Ex. 2, 190:14-191:13 |
| 6 | | | Ex. 3, 81:19-83:21 |
| 7 | | | Ex. 4, 179:23-182:13, 186:6-188:8 |
| 8-9 | | | Ex. 5, 325:11-330:13, 340:1-341:9, 343:3-359:1 |
| 10 | | | Ex. 6, 50:2-15 |
| 11 | | | Ex. 8, 57:18-58:24, 62:3-63:11, 78:4-9 |
| 12-13 | | | Ex. 9, 106:15-109:3, 148:4-19, 173:22-175:21 |
| 14 | | | Ex 12, 12:13-51:23, 65:5-75:11 |
| 15 | | | Ex. 13, 71:1-78:17, 82:8-88:24; 96:8-97:7, 150:12-151:8 |
| 16 | | | Ex. 14, 94:196:21 |
| 17 | | | Ex. 15 |
| 18 | | | Ex. 17 |
| 19 | | | Ex. 18 |
| 20 | | | Ex. 19, page 5, page 9. |
| 21 | | | Ex. 21 |
| 22 | | | Ex. 22 |
| 23-24 | | | Ex. 26, various references to "Mr. Valdez's products, branding and marketing materials". |
| 25-27 | | | Ex. 27, page 2, Neuman's Ownership in beverage line, page, transfer of beverages as fulfillment of obligation. |

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

5

|     |     |     |     |
| --- | --- | --- | --- |
|     |     |     | Ex. 28, Section 9. |
|     |     |     | Ex. 29, Joint Ownership Agreement |
|     |     |     | Ex. 30, |
|     |     |     | Ex. 31, |
|     |     |     | Ex. 32 |
|     |     |     | Ex. 33 |
| 10. | That the Joint Ownership Agreement was never effective and did not transfer the beverages and associated intellectual property to the joint Ownership of Neuman and Valdez. | 10. | Ex. 1, 24:6-25:5, 146:3-149:20, 179:12-185:25, 191:24-194:10, 220:24-221:22 |
|     |     |     | Ex. 2, 190:14-191:13 |
|     |     |     | Ex. 3, 81:19-83:21 |
|     |     |     | Ex. 4, 179:23-182:13, 186:6-188:8 |
|     |     |     | Ex. 5, 325:11-330:13, 340:1-341:9, 343:3-359:1 |
|     |     |     | Ex. 6, 50:2-15 |
|     |     |     | Ex. 8, 57:18-58:24, 62:3-63:11, 78:4-9 |
|     |     |     | Ex. 9, 106:15-109:3, 148:4-19, 173:22-175:21 |
|     |     |     | Ex 12, 12:13-51:23, 65:5-75:11 |
|     |     |     | Ex. 13, 71:1-78:17, 82:8-88:24; 96:8-97:7, 150:12-151:8 |
|     |     |     | Ex. 14, 94:196:21 |
|     |     |     | Ex. 15 |
|     |     |     | Ex. 17 |
|     |     |     | Ex. 18 |
|     |     |     | Ex. 19, page 5, page 9. |
|     |     |     | Ex. 21 |
|     |     |     | Ex. 22 |

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

| | | | |
|---|---|---|---|
| | | | Ex. 26, various references to "Mr. Valdez's products, branding and marketing materials". |
| | | | Ex. 27, page 2, Neuman's Ownership in beverage line, page, transfer of beverages as fulfillment of obligation. |
| | | | Ex. 28, Section 9. |
| | | | Ex. 29, Joint Ownership Agreement |
| | | | Ex. 30, |
| | | | Ex. 31, |
| | | | Ex. 32 |
| | | | Ex. 33 |
| 11. | That Neuman produced the malternative beverages after December 15, 2009 | 11. | Ex. 1, 130:7-132:21 |
| | | | Ex 13, 235:12-242:16 |

Date: January 22, 2009            /s/ James D. Crosby

Attorney for Plaintiffs PHILIP NEUMAN and HILO AT CAMPBELL HALL ASSOCIATES, LLC.

---

STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.

7