BINGHAM MCCUTCHEN LLP
Peter Obstler (SBN 171623)
peter.obstler@bingham.com
Jee Young You (SBN 241658)
jeeyoung.you@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067, U.S.A.
Telephone: 415.393.2000
Facsimile: 415.393.2286
Email: peter.obstler@bingham.com

Attorneys for Defendants
B2 Brands, Inc., JP Beverages, LLC, Jaime Banfield, Richard Munkvold, Christina Previti, James Previti, Frontier Homes, LLC, and Steven Troy Valdez in his capacity as a director of B2 Brands, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Philip Neuman, Hilo At Campbell Hall Associates, LLC,<br><br>                    Plaintiffs,<br><br>     v.<br><br>B2 Brands, Inc., JP Beverages, LLC, Jaime Banfield, Richard Munkvold, Christina Previti, James Previti, Frontier Homes, LLC, Steven Troy Valdez,<br><br>                    Defendants. | No. EDCV 07-01025 MLG<br><br>**DEFENDANTS B2 BRANDS, INC., JP BEVERAGES, LLC, JAIME BANFIELD, RICHARD MUNKVOLD, CHRISTINA PREVITI, JAMES PREVITI, STEVEN TROY VALDEZ IN HIS CAPACITY AS A DIRECTOR OF B2 BRANDS, INC., AND FRONTIER HOMES, LLC'S NOTICE OF MOTION AND MOTION FOR A LIMITED STAY OF PROCEEDINGS PENDING RESOLUTION OF *VALDEZ V. NEUMAN*** <br><br>Hearing Date: expedited date requested<br>Time:         --<br>Place:        Courtroom 6A<br>Judge:        Hon. Marc L. Goldman<br>Trial Date:   March 30, 2010 |

A/73300223.1

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, as soon as the matter may be heard by the Honorable Marc L. Goldman, in Courtroom 6A of the United States District Court for the Central District of California located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendants B2 Brands, Inc., JP Beverages, LLC, Jaime Banfield, Richard Munkvold, Christina Previti, James Previti, Steven Troy Valdez in his capacity as a director of B2 Brands, Inc., and Frontier Homes, LLC (collectively, "Defendants") respectfully move for a limited stay in the above-captioned action (the "Action") pending the remand proceedings in *Valdez v. Neuman*, No. SACV 06-448 CJC (MLGx) (Compl. filed May 5, 2006 C.D. Cal.) (the "*Valdez* Action"), as ordered by the Ninth Circuit on February 18, 2010 (the "Remand Order").  Because of the proximity of the trial date, related pretrial proceedings and discovery, Defendants concurrently submit an application to shorten time for the hearing on this motion.

Defendants' Motion for a Stay is made on the following grounds:

(1) Final resolution of the *Valdez* Action in favor of Valdez will moot all of the remaining claims in the Third Amended Complaint against the Defendants, including the Sixth Claim for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA") because the rescission of the agreements between Plaintiffs and Valdez would deprive Plaintiffs of standing to sue under CUTSA based on the alleged misappropriation of the intellectual property related to the malternative beverages;

(2) Without a stay, Defendants will suffer hardship and inequity in having to expend substantial resources on discovery, pretrial proceedings and trial, and the parties and the Court would potentially be subject to inconsistent rulings between the *Valdez* Action and this Action;

(3) For the same reasons set forth above, Plaintiffs will also benefit from a stay; and

A/73300223.1

(4) Neither Plaintiffs or Defendants will suffer prejudice from a stay because the malterative beverage business has long ceased to be an ongoing concern for the parties and there is no exigency in having the matter resolved prior to a ruling in the *Valdez* Action.

Defendants' Motion to Stay is based on the Notice of Motion To Stay All Proceedings Pending Resolution of *Valdez* Action, the Application to Shorten Time For Hearing on the Motion to Stay, and any other pleadings or documents on served or filed in this Action, the arguments of counsel to be made at the hearing, and any other evidence that may be adduced at the hearing or presented to the Court.[1]

DATED:  February 19, 2010            BINGHAM McCUTCHEN LLP


By: _____/ s / Peter Obstler_____
Peter Obstler
Attorneys for Defendants
B2 Brands, Inc., JP Beverages, LLC, Jaime Banfield, Richard Munkvold, Christina Previti, James Previti, Frontier Homes, LLC, and Steven Troy Valdez in his capacity as a director of B2 Brands, Inc.

---

[1] The parties met and conferred on February 18, 2010, and were unable to reach an agreement regarding the appropriateness of a stay in this Action pending the remand proceedings in the *Valdez* Action.

A/73300225.1

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants B2 Brands, Inc., JP Beverages, LLC, Jaime Banfield, Richard Munkvold, Christina Previti, James Previti, Steven Troy Valdez in his capacity as a director of B2 Brands, Inc., and Frontier Homes, LLC (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in Support of their Motion For A Limited Stay Of All Proceedings in the above captioned action (the "Action") pending resolution of the remand proceedings in *Valdez v. Neuman*, No. SACV 06-448 CJC (MLGx) (Compl. filed May 5, 2006 C.D. Cal.) (the "*Valdez* Action") under the February 18, 2010 order of the Ninth Circuit Court of Appeals (the "Remand Order").

## I. INTRODUCTION

The Court should enter a limited stay pending resolution of the remand proceedings in the *Valdez* Action because the Ninth Circuit's Remand Order requires this Court to conduct further proceedings to determine if Valdez is entitled to rescission of the Neuman-Valdez agreements. (*See Valdez v. Neuman*, Memorandum, Case No. 08-55674 (9th Cir. Feb. 18, 2010).) Staying this Action prior to the resolution of the *Valdez* Action is appropriate because a decision in favor of Valdez under the Remand Order will require dismissal of all claims, including the CUTSA Claim, alleged in Plaintiffs' Third Amended Complaint ("TAC") in this Action, eliminating need for the parties to expend further resources and reducing the risk of inconsistent rulings of law and fact between this and the *Valdez* Action.

The Remand Order mandated that the district court revisit three issues of whether: (1) the verification of the debt provided by Valdez was sufficient to require Neuman to assume unpaid debts; (2) Neuman failed to pay the verified debts when due, and (3) any resulting breach from Neuman's failure to assume and pay those debts requires rescission of all agreements between Valdez and Neuman under Nevada law, including the Joint Ownership Agreement on which Plaintiffs

A/73300223.1

base their remaining CUTSA Claim in this Action.  (Remand Order, slip op. at 4.) In so doing, the Ninth Circuit stated that "if Neuman did not pay the debts when they were due, then Neuman breached the contract." (*Id.*)  The Ninth Circuit went on to state that "[s]uch a breach may constitute a failure of performance entitling Valdez to rescission of the contract." (*Id.*)  As such, a limited stay of this Action pending the resolution of the remand proceedings in the *Valdez* Action is warranted for at least three reasons.

## II.   THE COMPETING INTERESTS WEIGH IN FAVOR OF A STAY

In determining whether a limited stay of this Action pending resolution of the remand proceedings in the *Valdez* Action is warranted, the Court "weighs competing interests" of the parties, including: "[1] possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  In this case, all three factors warrant a limited stay of this Action.

*First*, both Plaintiffs and Defendants will benefit from a limited stay.[2] Waiting until the district court renders a decision on whether the Neuman-Valdez agreements are in fact operative or rescinded will eliminate the possibility that the parties (and this Court) will engage in discovery, pretrial and trial proceedings on claims or issues that are rendered moot by the resolution of the *Valdez* Action. And, at a minimum, waiting until the remand issues are resolved in *Valdez*

---

[2] Defendants are only seeking a limited stay until the remand proceedings in the *Valdez* Action have concluded and are not seeking an indefinite stay until final resolution and judgment is entered in the event there are further appeals.  If the district court determines that Valdez is entitled to rescission or that Neuman is found to have breached his obligation to pay the Kerr debt, the B2 Defendants reserve their right to move for summary judgment at that time.

eliminates the possibility of inconsistent or contradictory rulings on the law or the facts regarding the validity of the agreements on which Plaintiffs base their claims in the TAC. A ruling in *Valdez* that all agreements between Valdez and Neuman are rescinded deprives Plaintiffs of standing to sue under CUTSA and would require dismissal of that lone remaining claim against B2 Defendants as a matter of law.

In denying Defendants' request for a stay following Judge Carney's initial ruling in the *Valdez* Action pending appeal, this Court found that the potential ruling was "no longer hypothetical." As a result, the Court concluded that the issue of mootness or contradictory rulings was not timely. (Minute Order Denying Defs' Mot. to Stay at 6 (Feb. 29, 2008).)

As the Remand Order makes clear, that is not the case anymore. And while the Court previously found that "Mr. Neuman deserves a prompt opportunity to enforce his rights under the Mesa Top Operating Agreement," (*id.* at 6-7), the concerns of timely enforcement of the rights longer exist because the Remand Order requires the district court to make new findings on the current or supplemental record to determine the threshold issue of whether Neuman has ***any*** rights to enforce. Furthermore, the malternative beverage businesses operated by the parties has ceased to be an ongoing concern for either party. As such, there is no exigency for Neuman, Valdez, or the B2 Defendants in having the matter resolved prior to a final ruling in the *Valdez* Action. *See Wing Shing Products (Bvi) Ltd. V. Simatelex Manufactory Co., Ltd.*, 2005 U.S. Dist. LEXIS 6780, at *3 (S.D. N.Y. 2005) (stay was appropriate because defendant was no longer manufacturing the infringing products, thus there was no ongoing harm).

***Second,*** Defendants and Plaintiffs face the risk of an inconsistent ruling on the CUTSA Claim if that lone remaining claim is tried on the merits before a resolution of the *Valdez* Action. As a result, the B2 Defendants (as well as the Court and Plaintiffs) will suffer the hardship and inequity of having to expend

substantial financial and litigation resources to prepare and try the CUTSA claim during the pendency of the remand proceedings in *Valdez*. Indeed, if not stayed, the parties will need to take at least five lay depositions, resolve numerous discovery disputes, prepare pretrial submissions, conduct expert discovery, and prepare their cases for trial, all of which will be for naught if Valdez prevails on his rescission claim before the district court under the Remand Order.

*Third*, a stay pending the outcome of the *Valdez* Action advances the orderly course of justice and case management. If this Action is stayed until the resolution of the remand proceedings in *Valdez*, the findings and rulings in that proceeding will clarify, if not simplify, the plethora of complex and ambiguous issues of fact and law in this Action. And, as set forth above, the remand proceedings gives the parties the opportunity to stand down from litigation until the breach and rescission issues concerning the Neuman-Valdez agreements that form the basis for Neuman's claims in the TAC are resolved once and for all.

## III.   CONCLUSION

Defendants respectfully request that the Court grant B2 Defendants' Motion For A Limited Stay Of Proceedings in this Action pending the resolution of the remand proceedings in the *Valdez* Action.

DATED: February 19, 2010          Respectfully submitted,

BINGHAM McCUTCHEN LLP


By:     */s/ Peter Obstler*
Peter Obstler
Attorneys for Defendants
B2 Brands, Inc., JP Beverages, LLC, Jaime Banfield, Richard Munkvold, Christina Previti, James Previti, Frontier Homes, LLC, and Steven Troy Valdez in his capacity as a director of B2 Brands, Inc.

A/73300223.1                                    4